SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-5008 PA (Ex) | Date | August 5, 2008 |
| Title | Raymond Romero v. Trust One Mortgage Corp, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Karen Park | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None                                        None

**Proceedings:**        IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendants Residential Funding Company, LLC, Homecomings Financial, LLC, and Aurora Loan Services, LLC ("Removing Defendants") on July 30, 2008. Removing Defendants assert that federal jurisdiction exists on the basis of a federal question.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). An action may be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

    The removing party must strictly comply with the removal statute. Any doubts about the right to remove are resolved against removal. The removing party has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). A defendant seeking removal must file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served on the defendant. 28 U.S.C. § 1446(a). "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint." Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998); 28 U.S.C. § 1446(b). In cases with multiple defendants, "[t]he majority of courts have held that the thirty-day removal period begins to run for all defendants on the date the first defendant receives the initial complaint—the 'first-served' rule." McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000); see also United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002).

**SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 08-5008 PA (Ex) | Date | August 5, 2008 |
| Title | Raymond Romero v. Trust One Mortgage Corp, et al. | | |

    Here, although the Notice of Removal was joined by the remaining defendant, Trust One Mortgage Corporation ("Trust One Mortgage"), that Joinder was filed far more than thirty days after Trust One Mortgage was served with the Complaint. Indeed, Plaintiff filed its proof of service on December 17, 2007. Trust One Mortgage's Joinder was therefore not made within the thirty days required by § 1446. Because not all defendants removed, or consented to the removal, or this action within the thirty days required by § 1446, the Notice of Removal is untimely.

    Accordingly, the Removing Defendants' Notice of Removal was not timely filed. The Court hereby remands this action to Los Angeles Superior Court, case number BC379708. <u>See</u> 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.